USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
DRYWALL TAPERS AND POINTERS OF GREATER :
NEW YORK LOCAL UNION 1974, AFFILIATED :
WITH INTERNATIONAL UNION OF ALLIED :
PAINTERS AND ALLIED TRADES, AFL-CIO, : 21-cv-1938 (LJL)
:
Petitioner, : ORDER
:
-v- :
:
PRECISION INTERIORS CORP. a/k/a PRECISION :
INTERIOR CONSTRUCTION CORP., :
:
Respondent. :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO ("Petitioner" or the "Union") petitions the Court, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 *et seq.*, to confirm an arbitral award entered by the Joint Trade Board of against Respondent Precision Interiors Corp. a/k/a Precision Interior Construction Corp. ("Respondent"). *See* Dkt. No. 1 ("Petition"). Petitioner also moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on the petition. Dkt. No. 8. The motion is unopposed. The Petition and motion are granted.

## BACKGROUND

On August 6, 2020, the Union served Respondent with an arbitration demand, alleging that Precision had failed to register a job for overtime in two incidents:

1. A job performed by Union members Juan Amaya ("Amaya"), Luis Cruz ("Cruz") at a jobsite located at 590 Madison Ave., 35th Floor, New York, New York on January

20, 2020, which is Martin Luther King Day.  *See* Dkt. No. 2-3.

2. A job performed by Union members Jorge Avila ("Avila"), Thomas Tejada ("Tejada"), and Wilmer Rauda ("Rauda") at a jobsite located at 1633 Broadway, 13th Floor, New York, New York on February 1, 2020, which is a Saturday.

The demand alleged that the failure to pay was in violation of Article XIII, Section 11, Violation 3 of a trade agreement ("TA") with the Union to which Respondent was party.  *Id.*; *see also* Dkt. No. 2-2.  That TA provided for the submission of disputes to a final, binding decision of the Joint Trade Board.  Dkt. No. 2-2, Art. XIII, XIV.  The Joint Trade Board held a hearing on October 8, 2020 and rendered a written award on November 11, 2020, finding that Respondent had failed to register a job for overtime work in violation of Article IV and Article XIII, Section 11, Violation 3 of the TA.  Dkt. No. 2-1 (the "Award").  The Award directed that Respondent make payment, within ten days of receipt of the Award, in the amount of $2,750.00, payable to the "Joint Trade Board of the Drywall Taping Industry."  *Id*.

Petitioner sent the Award to Respondent on November 13, 2020.  Dkt. No. 2-5.  After Respondent failed to comply with the Award within ten days of its receipt, Petitioner sent another copy of the Award to Respondent and also served a demand letter on Respondent on November 30, 2021.  Dkt. No. 2-6.  The demand letter indicated that Petitioner would initiate litigation if Respondent failed to comply with the Award.  To date, Respondent has failed to comply with the Award.

Petitioner filed the instant Petition to confirm the Award on March 5, 2021.  Dkt. No. 1.  It served Respondent on March 11, 2021.  Dkt. No. 7.  On April 20, 2021, Petitioner moved for summary judgment on the Petition.  Dkt. No. 8.  Respondent has not appeared or opposed the Petition or motion for summary judgment.

## DISCUSSION

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).[1] The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

The Court has examined the Petition, the motion for summary judgment, and all of the supporting materials. The Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards.").

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the

---

[1] In this instance, Petitioner has in fact filed a motion for summary judgment. The standard by which the Court analyzes the Petition and the unopposed motion for summary judgment are the same.

events or omissions giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District. Moreover, the award was made in this District. *See D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute"). The Court has personal jurisdiction over Respondent, which has its principal place of business and office in New York.

Based on a review of the materials submitted by Petitioner and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioner is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56 and confirmation of the Award. Fed. R. Civ. P. 56(a). In addition, the Court finds that Petitioner is entitled to attorneys' fees and costs as requested and incurred in connection with this petition. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (quoting *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases). Given that Respondent has not abided by the Award and has failed to participate in this action, the Court finds that an award of attorneys' fees and costs is appropriate.

## CONCLUSION

For the reasons stated above, the Petition and the motion for summary judgment are GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent as follows:

(i) Precision shall pay $2,750.00 to the "Joint Trade Board of the Drywall Taping

4

Industry;" and

(ii)     Precision shall pay attorneys' fees and costs incurred in connection with the Petition as well as any costs incurred in enforcing the judgment entered by the Court.

The Clerk of Court is respectfully directed to close any pending motions and terminate the action.

SO ORDERED.

Dated: June 8, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge